IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAUDIA INGLE, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 14-cv-413-CJP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant.[1] | ) |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 43).** Defendant filed a response in opposition at Doc. 44 and plaintiff filed a reply at Doc. 45.

The parties have agreed that plaintiff is entitled to an award in the amount of $6,100.00. However, the Commissioner opposes plaintiff's request of an additional $400 for the filing fee.

The Court finds that plaintiff is the prevailing party and is entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B). The Court further finds that the agreed upon amount is reasonable and appropriate.

The Commissioner's objection to plaintiff's request for the $400 filing fee primarily takes issue with the source of reimbursement. The Commissioner

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. See, *Casey v. Berryhill*, __ F3d. __, 2017 WL 398309 (7th Cir. Jan. 30, 2017). She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g).

1

argues that any cost should be paid from Social Security's fund rather than the Judgment Fund. Under **28 USCA § 2412(a)(1)** she is entitled to reimbursement of costs regardless of which fund they are paid from.

The Commissioner seems to argue that awarding the cost of the filing fee would be unjust because the U.S. Attorney's office is a separate and distinct body apart from Social Security Administration and the U.S. Attorney's Office had no control over plaintiff's claim prior to this action. The Commissioner cites 28 U.S.C.A. § 2412 (d)(3). This subparagraph only governs adversary adjudication and "agency proceedings to determine social security benefit allowances are not adversarial in nature, since the United States is not represented by counsel." ***Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991) (citation omitted).** The Commissioner cites no authority to support its claim that the U.S. Attorney's Office and the Social Security Administration's relationship should impede plaintiff's claim for costs.

The EAJA does not distinguish between different bodies within the government, rather "'United States' includes any agency and any official of the United States acting in his or her official capacity.'" 28 U.S.C.A. §2412(d)(2)(C). Whether the fault is that of the Administrative Law Judge, the Appeals Council, or the Commissioner's lawyers in court, the fault lies with the United States and the United States is liable for costs and fees. ***See, e.g., Cummings*, 950 F.2d at 496-97 (holding that courts must consider both the pre-litigation and litigation positions of the United States, regardless of whether the agent was the Appeals Council prior to litigation or the Commissioner,**

2

**through her attorneys, during litigation**).

In the case at hand the U.S. Attorney's Office has acted and represented itself as the Commissioner's representative before this Court. A member of the U.S. Attorney's Office for the Southern District of Illinois signed each document filed by the Commissioner in this case. Claiming that the U.S. Attorney's Office and the Social Security Administration are separate and distinct but allowing one individual to represent both entities simultaneously before the Court is contradictory.

Further, the Commissioner cites no precedent that the reimbursement of filing fees is a "special" circumstance and therefore makes the award of costs unjust. Several cases from within the Seventh Circuit have allowed for the filing fees to be paid from the judgment fund pursuant to 31 U.S.C. § 1304. ***Russell v. Astrue,*** **No. 11-CV-0666-MJR-CJP, 2012 WL 4060060, at \*1 (S.D. Ill. Sept. 14, 2012);** *U.S. v. Thouvenot, Wade & Moerschen, Inc.,* **596 F.3d 378 (7th Cir. 2010).** *Cardenas v. Comm'r of Soc. Sec.,* **No. 4:14-CV-04090-JEH, 2016 WL 900623, at \*2 (C.D. Ill. Mar. 9, 2016);** *Southerland v. Colvin,* **No. 114CV01177TWPMJD, 2016 WL 233613, at \*1 (S.D. Ind. Jan. 19, 2016).** Therefore, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 43)** is **GRANTED.**

The Court awards attorney's fees in the amount of **$6,100** (six thousand one hundred dollars) **plus $400** in costs. (The $400 in costs shall be paid from the Judgment Fund of the United States Treasury.)

The amount awarded is payable to plaintiff and is subject to set-off for

3

any debt owed by plaintiff to the United States, per ***Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).** However, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATE:  March 31, 2017**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**